CHARLES McDUFFEE, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. On an information for robbery, alleging a striking and wounding, the statute being in the alternative, proof of either will suffice.

2. A limitation of thirty minutes to either side in the argument to the jury on a trial for robbery, held no ground for reversal where the testimony was not complicated and the witnesses few and no affirmative showing is made that such limitation of the argument was detrimental to the defendant.

3. When the defendant without consulting the court or State's Solicitor excuses a witness, the court will not be reversed for refusing to continue a case to secure his attendance.

4. Error if any in a charge that the burden of proving an alibi is upon the defendant, is cured by the further charge that if upon the whole evidence there be a reasonable doubt as to the defendant's presence there must be an acquittal, and further that the burden is upon the State to make out its case in every material allegation beyond a reasonable doubt.

5. The court should refuse to instruct that the defendant in a criminal case is presumed to be of good character; the defendant by refusing to make it an issue cannot reap the benefit of the presumption by a charge.

6. Where the court has charged fully as to the burden of proof and quantum of evidence, it may refuse to instruct that the presumption of innocence is evidence in favor of the accused introduced by the law in his behalf.

7. Specific instructions as to proof beyond a reasonable doubt of the identity of the assailant and the taking of money from the person, were properly refused in a prosecution for robbery when covered by the general charge as to proof of every material allegation.

8 The court having charged that "by reasonable doubt is not meant a possibility or a doubt, or a speculative, imaginary or forced doubt, but it must be a doubt naturally arising from

the evidence, and as the words themselves import, it must be a *reasonable* doubt—one conformable to reason," may refuse to add thereto that "if after a consideration of all the evidence submitted in the case both by the State and the defendant, including the statement of the defendant himself, you cannot say you have an abiding conviction to a moral certainty of the guilt of the defendant, it will be your duty to acquit."

9. The necessity of proof beyond a reasonable doubt in order to convict sufficiently embraces the idea that a belief in innocence is not essential to an acquittal.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record for Escambia County.

The facts in the case are stated in the opinion of the court.

*C. H. Laney* and *J. P. Stokes,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

COCKRELL, J.—Charles McDuffee was convicted in the criminal court of record for Escambia county of the crime of robbery, being at the time armed with a deadly weapon. To review the sentence of twelve years in the state's prison imposed upon such conviction, he prosecutes this writ of error.

The first error is assigned upon the overruling of his motion for new trial and under this assignment it is argued that the evidence fails to show a wounding of the person assaulted and the case of Commonwealth v. Gallagher, 6 Met. (Mass.) 565, is cited in support of the contention. The cited case is authority to the contrary in that the Massachusetts supreme judicial court held, speaking through Chief Justice SHAW, of a similar

indictment under a similar statute that either a "striking" or a "wounding" would suffice to make out the crime and there can be no question in the case before us of the sufficiency of the evidence as to the striking with the deadly weapon. We have recently held that when a statute makes two alternatives ingredients of an offense, the pleader may charge them conjunctively and prove either. Lewis v. State, 55 Fla. 54, 45 South. Rep. 998.

The second assignment is that the defense argument was limited to thirty minutes.

At the conclusion of the evidence, which had occupied but a portion of the morning session of the court and in narrative form covers eleven pages of typewriting four witnesses on either side being examined, the court announced that the state would be allowed thirty minutes and the defense also thirty minutes to sum up the evidence, and to the ruling the defense excepted. The state used much less than the allotted time, but the defense after consuming thirty minutes was prevented further argument by the court under the previous announcement.

Upon the record it would be difficult to surmise how error has been shown—for aught that appears the two attorneys for the defense had made an exhaustive analysis of the evidence when notified that the thirty minutes had expired. The testimony was without complications. Upon the part of the state the party assaulted and robbed positively identified the defendant as the assaulting party and another eye witness recognized him following the assaulted party after dark in a lonely spot, while for the defense there was the defendant's denial upon the witness stand, and the testimony of three witnesses as to an alibi that signally failed to account for the defendant's presence at the crucial time.

There is no statutory regulation of argument of counsel in this state and this is the first time that the

point has been presented to this court. The consensus of other courts, however, where statutes do not control, recognize a reasonable discretion in the trial judge in such matters and it is a tribute to the patient courtesy of our trial judges that complaint is now for the first time made.

It is easy to conceive of cases where a limitation of thitrty minutes would be a gross abuse of discretion, depending on the character of the evidence, the number of witnesses and other circumstances, and in such cases we should not hesitate to interfere, especially should the record disclose that the limitation actually prevented counsel from proper argument, but after a careful reading of the cases cited to us in behalf of this assignment, we feel confident that no abuse of discretion is now made to appear.

The court's restriction of time applied only to the summing up of the evidence before the jury and not to the argument of the law to the court upon the special instructions requested and the importance of those instructions do not enter into this discussion.

The counsel for the defense, without consultation with the court or the state solicitor excused a witness until the afternoon session, and requested a continuance of the case to enable the witness to be present. The request was refused and the ruling is assigned for error. The defense took the chance of the case being promptly called and tried; if the convenience of counsel and witness alone was to be consulted, the courts would soon be unable to proceed in an orderly dignified way.

The fourth assignment of error is based upon this language used in the court's general charge to the jury: "Where an alibi is set up, the burden of proof is on the defendant, but he is not bound to prove it beyond raising a reasonable doubt." The expression "burden of proof" may be unfortunate and standing alone the

charge may be subject to criticism as shifting the burden of proof in a defense not strictly affirmative, but if this be error, to borrow an expression from Prof. Thayer, the complete charge contains the antidote. The quoted charge is but a portion of a sentence, ending with a comma and which continues "and if upon consideration of all the evidence in the case you should have a reasonable doubt that the defendant was present when the crime was committed, he should be acquitted." The next sentence of the charge also acts as a corrective, *viz* "The law presumes every man innocent until he is proven guilty beyond a reasonable doubt; and the burden is on the state to make out its case in every material allegation beyond a reasonable doubt."

The charge here complained of does not go so far as those condemned by the Texas courts in that nothing is said as to the necessity for overcoming the "burden of proof" by a preponderance of the evidence, on the contrary the jurors are told that an acquittal follows if upon a consideration of the whole evidence there is a reasonable doubt as to the defendant's presence at the commission of the crime. See Commonwealth v. Choate, 105 Mass. 451; Thayer's Treatise on Evidence, p. 363, n. 1.

There was nothing in the state's evidence tending to prove an alibi and the whole proof on that subject, meagre as it is, came from the defendant. In Long *et al.* v. State, 42 Fla. 509, text 525, 28 South. Rep. 775. we used this language: "The defense interposed by the defendants was an alibi, and they introduced evidence tending to prove it. It was the right of the defendants to have the jury instructed that they were not required to prove their defense beyond a reasonable doubt, but that if the evidence on that subject was sufficient to raise in the minds of the jury a reasonable doubt that they were present when the alleged crime was committed and par-

9

ticipated therein, that was all the law required to entitle them to acquittal," and the case was reversed because the trial court refused to instruct to the effect that "if the evidence offered to prove an alibi raises a reasonable doubt," there should be an acquittal, and further that the requested instruction correctly stated the law as previously held by this court in Adams v. State, 28 Fla. 511, 10 South. Rep. 106. It would be drawing too fine a distinction to say that after the state had made out a prima facie case with no suggestion in its evidence of an alibi, it would be error to say the burden of proving an alibi is upon the defense, while it would be correct to say that the proof of that defense must come from the defendant to the extent only of raising a reasonable doubt, the burden being upon the state at all times to make out all the essential elements of the offense beyond a reasonable doubt. See State v. Thornton, 10 S. D. 349, 73 N. W. Rep. 196, 41 L. R. A. 530.

While we fail to find reversible error upon the record now before us, it will be safer for trial judges to omit the phrase "burden of proof" in future charges upon the defense of alibi, using instead the charges approved in Adams v. State and Long v. State, *ubi supra.*

The defense requested an instruction limiting the testimony of the defendant himself as to previous convictions, to the effect it might have upon his credibility as a witness. The instruction was faulty, however, in that it contained the idea that the defendant in a criminal case is presumed to be of good character. Good character becomes an issue only when the defense voluntarily makes it so, and the state is permitted to disprove it only when so put in issue. It would be wholly illogical to say that the defense may by keeping silent, obtain the benefits that come from good character, and yet by that same silence prevent the prosecution inquiring into it. There are authorities, especially Federal cases, holding the con-

verse, but we think the true rule is that laid down in State v. O'Neal, 7 Iredell Law (N. C.) 251, that "no deduction results in law unfavorable or favorable to the character of an individual, charged by an indictment, from the fact that he has introduced no evidence to show he is a person of good character. The character, not appearing either good or bad, necessarily stands indifferent." In commenting on the case of Mullen v. United States, 106 Fed. Rep. 892, holding that good character is presumed, Prof. Wigmore says: "This inconsistently gave him the untrammelled benefit of evidence which if he had introduced might had been disputed. What really happens, or ought to, is that the defendant's character is simply a non-existent quantity in the evidence." 1 Wig. on Ev. § 290, n. 2.

The sixth assignment is the refusal to instruct that "the presumption of innocence is evidence in favor of the accused, introduced by the law in his behalf," and the case of Coffin v. United States, 156 U. S. 432, 15 Sup. Ct. Rep. 394, is cited in support. The instruction is taken literally from that decision and it is squarely presented to us to either follow or to decline to follow that decision. As of course that authority is upon questions of this character, persuasive only and not binding upon us. This court is committed to the holding that in criminal cases the state must prove the essential elements of the offense beyond a reasonable doubt, whereas the accused when called upon for proof need only adduce evidence sufficient to raise a reasonable doubt, but we have not held that in addition there is also a presumption of innocence as matter of evidence which the state must overcome.

The discussion in the Coffin case has not gone unchallenged. It was directly repudiated by the supreme court of Missouri, State v. Kennedy, 154 Mo. 268, 55 S. W. Rep. 293, and in Agnew v. United States, 165 U. S. 36, 17 Sup. Ct. Rep. 235, the refusal of the trial court to

instruct in the language of the Coffin case was upheld and the supreme court characterized as tending to mislead, the portion of the charge to the effect that the presumption was to be treated by the jury as evidence giving rise to resulting proof to the full extent of its legal efficacy.

It is remarked by Prof. Wigmore, in his criticism of the Coffin case, 4 Wigmore on Ev., 2511, the Agnew case was decided shortly after Prof. Thayer's vigorous attack upon the former case in his address delivered before the law school at Yale University in 1896, and published as Appendix B, in his Preliminary Treatise on Evidence at the Common Law, entitled Presumptions of Innocence in Criminal Cases. The address is too long to be quoted here and we will not undertake to epitomize it; we have not the boldness to attempt to restate the argument in our own language and simply content ourselves with referring those interested to the address itself. Suffice it to say that we follow Prof. Thayer farther than the supreme court of the United States upon the point and conclude that the presumption of innocence is not actually described as a presumption of evidence, but that the whole question resolves itself into two parts— upon whom is the affirmative cast and what is the quantum of evidence required to meet that affirmative. On both these points the trial court has fairly and correctly charged the jury and will not be reversed for refusing the requested instruction.

The remaining assignments are to the refusal to give specific instructions as to reasonable doubt.

Two of these single out specific elements of the information, one as to the identity of the assailant and the other as to the taking of money from the person. These were sufficiently covered by the general charge that "the burden is on the state to make out its case in every material allegation beyond a reasonable doubt." Having

charged the law as to every material allegation, it was not necessary to give separate instructions as to each material allegation.

In its charge the court said: "By reasonable doubt is not meant a possibility of a doubt, or a speculative, imaginary, or forced doubt, but it must be a doubt naturally arising from the evidence, and, as the words themselves import, it must be a *reasonable* doubt,—one conformable to reason."

This language is not objected to but it is insisted that the court erred in refusing to give as supplemental thereto the requested instruction as follows: "If after a consideration of all the evidence submitted in this case, both by the state and by the defendant, including the statement of the defendant himself, you cannot say that you have an abiding conviction to a moral certainty of the guilt of the defendant, it will be your duty to find him not guilty." The requested instruction is faulty in that it speaks of "the statement of the defendant himself." The defendant no longer makes a "statement," as was formerly the law here, but if he takes the stand, he does so as any other witness and what he says is testimony, that is it is made under oath and subject to cross-examination. It is misleading therefore to characterize his evidence as a mere statement and being of the same evidentiary value as that of other witnesses it would be unfair to the state to thus emphasize and particularize the defendant's own evidence, as though it had some peculiar value.

In the Lovett case, 30 Fla. 142, 11 South. Rep. 550, 17 L. R. A. 705, this court expressed a doubt as to the accuracy of the definition of reasonable doubt in the Webster case, 5 Cush. (Mass.) text 320, which this instruction in the main follows, and undertook to lay down an explanation or definition of the phrase "reasonable doubt," and in the Woodruff case, 31 Fla. 320, 12 South,

Rep. 653, this court in an opinion prepared by MABRY, C. J., who also prepared the Lovett opinion, decline to reverse for a refusal to add to the charge given, the additional instruction here asked.

Having charged that it was incumbent upon the state to make out its case beyond a reasonable doubt to warrant a conviction the court was not bound to instruct that "a belief in innocence was not essential to an acquittal under the doctrine of a reasonable doubt." The former necessarily embraced and included the latter.

Finding no error the judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.