ERVIN, Judge.
Jones has filed an appeal from a judgment of conviction finding him guilty of two counts of battery of a law enforcement *397 officer. A brief was filed by Jones’ appellate public defender in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which no error was asserted. After examining the record, as we are required to do by Anders, we agree that no error has been demonstrated from this record. Because, however, Jones himself objected to his appointed attorney’s refusal to call certain witnesses, which was approved by the court, we will address a latent issue, relating to whether such refusal was a violation of defendant’s right to compulsory process of witnesses as guaranteed to him by both the United States and Florida constitutions.
The testimony at trial consisted primarily of that by two prison guards at the Florida State Prison, who testified that while they were attempting to remove Jones from the “N” wing of the prison to the “S” wing, Jones resisted and struck them both. At the conclusion of the state’s evidence, following the denial of the defense’s motion for judgment of acquittal, the assistant public defender announced to the court that he had a difference of opinion with his client, Jones, as to how to proceed; that Jones had requested him to call approximately five or six witnesses, all inmates; that he had interviewed them all, and determined they would testify that
the officers had no reason to go in on the cell against Mr. Jones and were violent toward him, provoking the incident, in other words, and that several of them saw what happened when Mr. Jones came out into the corridor as the officers testified where he was holding onto the bars and would say that the officers were, I guess, abusive toward him or used unnecessary force.
Defense counsel’s specific reasons for not calling witnesses were:
It is my opinion — it is my assessment of this case that I would prefer not to call these witnesses as I don’t feel they help Mr. Jones’ case. It would conflict with the officers’ testimony and would not help his case.
Counsel further amplified upon his reasons as follows:
If I am required to do as he wishes, I will call them, but I feel, first, that I should control the case in court as far as the witnesses go and, secondly, I don’t necessarily trust all that they say and would have a problem in vouching for their credibility if I were to call — or were required to call them as witnesses.
Over the strenuous objections of defendant, the court granted the public defender’s request not to call those witnesses subpoenaed by defendant.
Defense counsel presented no witnesses on behalf of the defendant. He had earlier filed a notice of defense of insanity; yet he apparently did not further pursue that defense at trial because, following a request for psychiatric examination, it was the conclusion of one of the appointed doctors that defendant was legally sane at the time of the offense. Defense counsel’s request for an insanity instruction was also denied on the ground that there was no evidence to justify it.
We would be faced with a serious question of whether the trial court abused its discretion in declining defendant’s request to call witnesses if the defendant was acting either as his own attorney or as co-counsel. Such facts do not exist, however. The court appointed the public defender to represent the defendant. The public defender did in fact file on behalf of the defendant a pleading entitled “Notice to Exercise of Rights” in which he stated he “notices all parties of the intention of the Defendant to exercise his rights under Article I, Section 16 of the Florida Constitution to be represented by both the below signed counsel and the Defendant himself; .. . .” A motion to strike the notice was filed by the state, but the record does not reveal that it was ever acted on by the court.
We consider the “notice,” without approval by the court, was ineffective in affording any right to the defendant to represent himself jointly with appointed counsel. Although Article I, Section 16 of the Florida Constitution accords to an “accused ... the right ... to be heard in *398 person, by counsel or both ...” (e.s.), the Florida Supreme Court has interpreted this clause as conferring only a qualified, not an absolute right to self-representation. State v. Tait, 387 So.2d 338, 340 (Fla.1980). Because the supreme court has held that once a defendant is represented by counsel, the question of whether he should be permitted to participate in his own defense at trial is a matter for the sound discretion for the court, we consider that it was the responsibility of defense counsel to seek leave of court for such purpose. He did not. In filing the notice, the attorney apparently considered that the provisions of Article I, Section 16, were self-operating, and that a defendant is automatically entitled to serve as co-counsel once he serves notice of such intention. As Tait makes clear, such is not the case. As the notice — without approval by the court — failed to confer any right to the defendant to joint representation, he was represented solely by “appointed counsel [who] manages the lawsuit and has the final say in all but a few matters of trial strategy.” Faretta v. California, 422 U.S. 806, 812, n. 8, 95 S.Ct. 2525, 2529, n. 8, 45 L.Ed.2d 562 (1975).
Superficially, it would appear from this limited record that the requested witnesses’ intended testimony would have been relevant to the defense. Under Section 776.012, Florida Statutes, a person always has the right to use nob-deadly force to defend himself against force even to the point of resisting arrest with force. See Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 470 (Fla.1982). Accord, Monroe v. State, 384 So.2d 50 (Fla. 2d DCA 1980) (defense of others is a valid defense and whether there was even a need for self-defense is purely a question for the trier of fact).
Yet, it is not our province as a reviewing court to second-guess the trial strategy of,, the public defender in whose hands the defense of Jones’ case was entrusted. Moreover, such an issue relates more to the effective representation of assigned counsel, and this is an issue which we cannot reach on direct appeal of defendant’s conviction, but is rather one which should be addressed to the trial court by means of a motion to vacate sentence. See State v. Barber, 301 So.2d 7 (Fla.1974).
If appellant elects such an avenue of relief, he should be guided by the principles established in Knight v. State, 394 So.2d 997 (Fla.1981).
AFFIRMED.
MILLS and WIGGINTON, JJ., concur.