440 So.2d 657 (1983)
McCord Wayne PITTMAN, Anthony David Mond, Jeffrey Allen Russell, Enos Leroy Russell and Ernest Clifford Russell, Appellants,
v.
STATE of Florida, Appellee.
No. AQ-54.
District Court of Appeal of Florida, First District.
November 18, 1983.
*658 Michael Allen, Public Defender, David J. Busch, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
MILLS, Judge.
In this criminal action, the issues on appeal relate to whether the trial court abused its discretion in limiting the amount of time for closing argument, whether one of the defendants should have been allowed to have the concluding argument before the jury, and whether the trial court should have charged the jury on a defendant's right to resist the use of unlawful or excessive force when being arrested.
On the night in question, deputies from the Bay County Sheriff's Department twice responded to neighbors' complaints about a noisy party at a young woman's house. After being greeted at the door with profanity upon their second visit, the deputies declared the party an "unlawful assembly" and ordered the partygoers to disperse. A fracas broke out at that point. Arrested and charged with violating Section 843.01, Florida Statutes (1981), were Anthony David Mond, Jeffrey Alan Russell, Enos Leroy Russell, James Edward Schmidt, McCord Wayne Pittman, Thomas Michael Llewellyn, and Ernest Clifford Russell. In addition to these charges, Llewellyn was charged with grand theft in the taking of a deputy's flashlight, and Mond was charged with grand theft in the taking of a deputy's walkie talkie.
All seven defendants were tried together; all were represented by the same attorney. At the conclusion of a lengthy trial, the trial court, over objection by defense counsel, limited the time for closing argument to 30 minutes. The defense attorney also asserted on behalf of Schmidt that, pursuant to Rule 3.250, Florida Rules of Criminal Procedure, he was entitled to the concluding argument before the jury because Schmidt presented no evidence other than his own testimony. He further orally requested a jury instruction on the defendants' right to defend themselves against the use of unlawful force by the deputies. That request was denied, and the trial court gave Florida Standard Jury Instruction 3.04(d).
Pittman, Mond, and E.L. Russell were convicted for violating Section 843.01, Florida Statutes (1981). E.C. Russell, J.A. Russell, and Schmidt were convicted for violating Section 843.02, Florida Statutes (1981). Both Mond and Llewellyn were acquitted on the grand theft charges. (Llewellyn was also convicted for violating Section 843.02. However, he had previously pled nolo contendere in county court to the identical charge arising out of the same incident. The trial court therefore dismissed the circuit court conviction.) This timely appeal followed the trial court's denial of the defendants' motion for new trial.
Generally, the time allowed for closing argument by counsel is within the discretion of the trial court. May v. State, 89 Fla. 78, 103 So. 115 (1925). That discretion is not unbridled, however, and reversal is required where the time for argument is unreasonably limited. What amounts to a reasonable time depends upon the facts and circumstances of each case. Id.
In May, it was held that limitation of argument to 20 minutes was an abuse of discretion considering the severity of the *659 potential sentence, the sharp conflicts in testimony, and the number of witnesses testifying. In Cooper v. State, 106 Fla. 254, 143 So. 217 (1932), it was held that limiting closing argument to five minutes was, on its face, an abuse of discretion. A limitation of closing argument to 30 minutes was held not to be an abuse of discretion in McDuffee v. State, 55 Fla. 125, 46 So. 721 (1908). However, the Florida Supreme Court noted in that case that the trial was short, that the transcript covered only eleven pages, and that only four witnesses testified for each side.
In the instant case, there were a total of 33 witnesses. There were seven different defendants, each of whom was charged with a third degree felony, and two of whom were charged with two third degree felonies. Counting voir dire, this trial took approximately four days and covered over 700 pages of transcript. In view of the foregoing facts and authority, limitation of argument in this case to 30 minutes was an abuse of discretion, and we are compelled to reverse and remand for a new trial.
In so doing, we do not decide the issue of whether Schmidt was entitled to the concluding argument before the jury because he is not a party to this appeal. All seven defendants moved for a new trial, and one of the matters assigned as error was the trial court's failure to allow Schmidt to have the concluding argument. That motion was denied as to six of the defendants, but the trial court postponed ruling on the motion as it pertained to Schmidt until it could be determined whether he had presented any evidence in his behalf other than his own testimony. The notice of appeal does not name Schmidt as an appellant. Therefore, Schmidt's motion for new trial is apparently still before the trial court.
Finally, for the benefit of the trial court and counsel upon remand, we note that this Court has now declared to be erroneous that portion of Florida Standard Jury Instruction 3.04(d) which states that a person is never justified in the use of any force to resist arrest. Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981); Allen v. State, 424 So.2d 101 (Fla. 1st DCA 1982). However, when counsel requests a jury instruction that is not part of the Florida Standard Jury Instructions, the requested instruction must be submitted in writing to the trial court if the issue is to be preserved for appellate review. Rule 3.390(c), Florida Rules of Criminal Procedure; Holley v. State, 423 So.2d 562 (Fla. 1st DCA 1982).
REVERSED and REMANDED.
SHIVERS and ZEHMER, JJ., concur.