HURLEY, Judge.
This appeal challenges the adequacy of the trial court’s instructions on self-defense. We reverse.
Defendant was involved in a pre-dawn fracas in a Fort Lauderdale diner. As a result, he was arrested, charged and tried for battery on a police officer,[1] resisting arrest with violence,[2] and battery.[3] During the instruction conference at the conclusion of the trial, the defendant objected to the court’s announced intent to read the por *590 tion of Florida Standard Jury Instruction 3.04(d) which states that a person is never justified in the use of any force to resist an arrest. The defendant also tendered a special jury instruction which, in essence, stated that an accused could use non-deadly force to resist an arrest if the arresting officer used unlawful or excessive force.
Rather than resolve the conflict between these instructions, the trial court elected to give both back-to-back. Thus, the jury was told that force could be used in certain circumstances to resist an unlawful arrest and, in the next breath, the court stated that a person is never justified in the use of any force to resist an arrest. Obviously, these statements are diametrically opposed; they confused — rather than explained — a key principle of law in the defendant’s case. The trial court has an obligation to give full instructions on applicable principles of law. See Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982). Implicit is the requirement that instructions be coherent and comprehensible. Those given in the case at bar fail to meet this minimum standard and, thus, we must reverse.
To aid the court on retrial we note that in Lowery v. State, 356 So.2d 1325, 1326 (Fla. 4th DCA 1978), we held that “the use of force in resisting an arrest by a person reasonably known to be a law enforcement officer is unlawful notwithstanding the technical illegality of the arrest.” See also State v. Gilchrist, 458 So.2d 1200 (Fla. 5th DCA 1984); State v. Barnard, 405 So.2d 210 (Fla. 5th DCA 1981). Lowery did not involve an allegation of unlawful force in the effectuation of the arrest and, therefore, we left open the question of a defendant’s right to use force in defense of his person under section 776.012. This issue was addressed in Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 470 (Fla.1982), where the court held that an individual may defend himself against unlawful or excessive force, even when being arrested. See also Jones v. State, 429 So.2d 396 (Fla. 1st DCA 1983), review denied, — U.S.—, 104 S.Ct. 234, 78 L.Ed.2d 226 (1983); Allen v. State, 424 So.2d 101 (Fla. 1st DCA 1982), rev. denied, 436 So.2d 97 (Fla.1983); Holley v. State, 423 So.2d 562 (Fla. 1st DCA 1982). Thus, on retrial, the court must determine whether there is some proof of unlawful force in effectuating the arrest. If there is, the standard instruction is inappropriate and should not be given. See Pittman v. State, 440 So.2d 657 (Fla. 1st DCA 1983).
Accordingly, defendant’s convictions and sentences are reversed and the cause is remanded for a new trial.
DOWNEY and GLICKSTEIN, JJ., concur.

. § 784.07, Fla.Stat. (1983).

. § 843.01, Fla.Stat. (1983).

.§ 784.03, Fla.Stat. (1983).