468 So.2d 466 (1985)
Millard H. SMIDDY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1316.
District Court of Appeal of Florida, Fourth District.
May 8, 1985.
Richard L. Jorandby, Public Defender, and Jeffrey Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
*467 DELL, Judge.
Appellant challenges his conviction and sentence of manslaughter with a firearm. Appellant contends that the trial court erred in failing to give an instruction on excusable homicide when it gave an instruction on manslaughter with a firearm, and in failing to instruct the jury on manslaughter. We agree.
This court held in Brown v. State, 467 So.2d 323 (Fla. 4th DCA 1985):
When the court gives an instruction on manslaughter, it must also give an instruction on justifiable and excusable homicide. See Hedges v. State, 172 So.2d 824 (Fla. 1965); Pouk v. State, 359 So.2d 929 (Fla. 2d DCA 1978); Delaford v. State, 449 So.2d 983 (Fla. 2d DCA 1984).
Additionally, we hold that under the facts of this case the trial court erred when it failed to give Standard Jury Instruction (Criminal) 3.05(a), Aggravation of a Felony by Carrying a Firearm.
We find no merit in the other points raised by appellant. Accordingly, this case is reversed and remanded for a new trial.
REVERSED and REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.