WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for the offense of second degree murder with a firearm. We find that appellant has presented no point of reversible error which would affect his conviction. However, we find that the court based its departure from the recommended sentence pursuant to the Fla.R. Crim.P. 3.701 sentencing guidelines upon impermissible considerations. We therefore affirm the judgment of conviction but vacate appellant’s sentence.
Appellant was tried upon the charge of second degree murder with a firearm, and the evidence established that the victim was killed during an altercation involving numerous individuals. Witnesses testified that appellant shot the victim after being heard to say, “I’ll kill one of you.” Other witnesses presented contradictory testimony. Appellant admitted discharging a firearm, but stated that he merely shot his gun into the air. Appellant also recanted an earlier admission that he had shot the victim.
At the conclusion of the evidence the court indicated to counsel that a time limitation would be imposed for closing argument. Defense counsel requested an hour, explaining, “I'm not very well prepared.” The court limited closing argument to 30 minutes per side, and overruled defense counsel’s objection.
While the parties should be afforded reasonable time for closing argument, the amount of time necessary is a matter within the discretion of the trial court and is dependent upon the facts and circumstances of each particular case. E.g., compare Pittman v. State, 440 So.2d 657 (Fla. 1st DCA 1983), with McDuffee v. State, 55 Fla. 125, 46 So. 721 (1908). In the present case conflicting testimony was presented during a two day trial, but the issues to be argued were not such as to render a 30 minute time limitation unreasonable. The limitation of closing argument was thus a matter within the proper exercise of the court’s discretion.
The court utilized the standard jury instruction on manslaughter and advised the jurors that the offense could be established by culpable negligence including “consciously doing an act” known to be *741 likely to cause death. Appellant requested special instructions listing certain intentional killings which might be manslaughter. Contrary to appellant’s argument, we find that the instruction which the court utilized does not negate the possibility of manslaughter by an intentional act. We conclude that the requested instructions were unnecessary, and that in the circumstances of the present case the standard instruction was adequate.
After the jury commenced deliberations it requested a reinstruction on the distinction between second degree and third degree murder. The court advised counsel that it would reinstruet the jury on these offenses, and also on manslaughter. Defense counsel requested a reinstruction on justifiable and excusable homicide, but the court denied this request. The jury was then reinstructed as to second degree murder, third degree murder, and manslaughter.
Hedges v. State, 172 So.2d 824 (Fla. 1965), indicates that in defining manslaughter it is proper to instruct on justifiable and excusable homicide in order to aid the jury’s full understanding. But where a jury requests reinstruction the court may limit such reinstruction to the specific charges requested, as long as the repeated instruction is complete on those charges. See Henry v. State, 359 So.2d 864 (Fla. 1978). Determining that a jury need not be instructed on justifiable and excusable homicide when reinstructed pursuant to a request to clarify the distinction between first and second degree murder, the Henry court noted that the jury’s request made it apparent that it had already decided that the killing was unlawful. Likewise, in the present case the jury’s request for rein-struction as to the distinction between second degree and third degree murder indicates that it had determined that the killing was neither justifiable nor excusable homicide. Counsel did not ask the court to forego its gratuitous manslaughter rein-struction, and in these circumstances the court’s refusal to further instruct the jury on justifiable and excusable homicide does not constitute reversible error.
Appellant was sentenced to a term of imprisonment beyond that recommended by the Fla.R.Crim.P. 3.701 sentencing guidelines. In stating its reasons for departure from the guidelines the court expressed a conclusion that the recommended sentence “is insufficient for retribution, deterrence, rehabilitation and for the safety of the public.” However, the court did not fully delineate a factual basis supporting this conclusion, and a mere personal disagreement with the sentencing guidelines does not justify a departure from the recommended sentence. Cf., Scurry v. State, 489 So.2d 25 (Fla.1986). It is not clear that the court, apart from a personal disagreement with the guidelines recommendation, would have imposed the same sentence based on appellant’s lengthy unscored juvenile record and admitted ownership of a firearm contrary to probation conditions shown by the record, and we therefore must vacate appellant’s sentence.
The judgment of conviction appealed is affirmed; the sentence appealed is vacated and the cause remanded for resentencing.
BOOTH, J., concurs.
ZEHMER, J., dissents with written opinion.