DOWNEY, Judge.
This is a timely appeal from a judgment of conviction and a sentence of seventeen years’ imprisonment, with a three-year mandatory minimum, for the offense of second-degree murder with a firearm.
Appellant, Claudette Robertson, was charged with second-degree murder with a firearm. At trial, there was testimony that she was involved in a struggle with the victim, and a gun that was in her possession discharged and killed the victim.
Appellant contends that she requested the court to instruct the jury on the offense of second degree murder without a firearm as a lesser-included offense of that which was charged. That request was denied and the court instructed the jury on second-degree murder (with no mention of the use of a firearm), and what the trial court denominated the lesser-included offenses of second-degree murder under the facts of the case: 1) attempted murder in the second degree, 2) manslaughter, 3) aggravated battery, 4) aggravated assault, and 5) bat *91 tery. No instruction was given regarding the aggravation of a felony pursuant to Standard Jury Instruction 3.05(a), Aggravation of a Felony By Carrying a Firearm.
The verdict form presented to the jury gave them seven options:
A. The Defendant is guilty of Murder in the Second Degree, with a firearm, as charged in the Information.
B. The Defendant is guilty of Attempted Murder in the Second Degree, with a firearm, a lesser included offense.
C. The Defendant is guilty of Manslaughter with a firearm, a lesser included offense.
D. The Defendant is guilty of Aggravated Battery with a firearm, a lesser included offense.
E. The Defendant is guilty of Aggravated Assault with a firearm, a lesser included offense.
F. The Defendant is guilty of Battery, a lesser included offense.
G. The Defendant is not guilty.
However, nowhere on the verdict form was a provision made for the jury to find appellant guilty of second-degree murder without the enhancement provided in section 775.087(1), Florida Statutes (1987). Such a verdict would be a step down from second degree murder with a firearm and appellant was entitled to have that considered.
In Smiddy v. State, 468 So.2d 466 (Fla. 4th DCA 1985), this court held it to be reversible error for the trial court to fail to instruct the jury on manslaughter and excusable homicide where appellant was convicted of manslaughter with a firearm. Furthermore, the trial court was found to be in error in failing to give Standard Jury Instruction (Criminal) 3.05(a), Aggravation of a Felony by Carrying a Firearm.
The instructions and jury verdict form are lacking in the instant case in several respects. The court never instructed the jury on the crime charged, i.e., second-degree murder with a firearm, although it did instruct on second-degree murder. The most grievous oversight, however, was the omission from the jury verdict form of the option to convict of second-degree murder without the enhancement provided for in section 775.087(1).
Therefore, as in Smiddy, we reverse the conviction and sentence and remand for a new trial.
GLICKSTEIN and DELL, JJ., concur.