544 So.2d 1006 (1989)
Charles STOCKTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 72921.
Supreme Court of Florida.
May 25, 1989.
*1007 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and William A. Hatch, Asst. Atty. Gen., Tallahassee, for respondent.
KOGAN, Justice.
We have for review Stockton v. State, 529 So.2d 739 (Fla. 1st DCA 1988), based on certified conflict with Hedges v. State, 172 So.2d 824 (Fla. 1965), and its progeny. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash the decision of the First District Court of Appeal and remand this case for further proceedings consistent with this opinion.
Petitioner, Charles L. Stockton, was charged by information with second-degree murder with a firearm and was convicted as charged. The relevant facts are that the victim was shot and killed during an altercation involving numerous individuals. The testimony of both the eyewitnesses and the participants conflicted as to who was involved in the fight and who fired the fatal shot. At the close of the trial, the jury was instructed on second-degree murder, third-degree murder, aggravated assault, manslaughter, justifiable use of force (self-defense), justifiable homicide, and excusable homicide.
During deliberations the jury requested reinstruction on the distinction between second-degree murder and third-degree murder. The trial judge also decided to reinstruct on manslaughter, finding it incumbent to, at a minimum, instruct on each degree of unlawful homicide. However, the trial court refused defense counsel's request to include the charges on justifiable and excusable homicide in the reinstruction. The trial court prefaced its reinstructions by cautioning the jury not to give undue emphasis to the portions which were being repeated. However, it also advised them it was repeating the full definition of the three crimes.
The issue presented is whether the trial court, once it decided to add manslaughter to the requested reinstruction, erred by then refusing to include justifiable and excusable homicide in the reinstruction. We hold that it did.
Manslaughter is defined in section 782.07, Florida Statutes (1983), as a killing by the act, procurement, or culpable negligence of another which is not justifiable or excusable homicide or murder.[1] Manslaughter *1008 is a residual offense, defined by reference to what it is not. In order to define manslaughter completely, the definitions of justifiable and excusable homicide and murder must be included. An instruction on manslaughter which omits the definitions of justifiable and excusable homicide is, therefore, incomplete. Hedges v. State, 172 So.2d 824, 826 (Fla. 1965). See also Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987); Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986); Smiddy v. State, 468 So.2d 466 (Fla. 4th DCA 1985); Brown v. State, 467 So.2d 323 (Fla. 4th DCA), review denied, 467 So.2d 1000 (Fla. 1985); Delaford v. State, 449 So.2d 983 (Fla. 2d DCA 1984); Kelsey v. State, 410 So.2d 988 (Fla. 1st DCA 1982); Lawson v. State, 383 So.2d 1114 (Fla. 3rd DCA), review denied, 392 So.2d 1379 (Fla. 1980).
The principle above was first set forth in our decision in Hedges v. State, 172 So.2d 824 (Fla. 1965), and has been followed by a line of Florida cases. In Hedges, we held that when a trial court reinstructs on manslaughter, it is then compelled to reinstruct on justifiable and excusable homicide as a necessary concomitant of manslaughter. The failure to do so erroneously leaves the jury with an incomplete and potentially misleading instruction. Id. at 826. Hedges is controlling on this point. Therefore, we hold that when the trial judge, in this case, chose to reinstruct on manslaughter, he was compelled to include justifiable and excusable homicide in the reinstruction. His failure to do so was reversible error.
We reject the state's contention that the refusal to include justifiable and excusable homicide in the reinstruction, in this case, was not error because the jury's request demonstrates that it had already determined the homicide was unlawful. The First District Court of Appeal agreed with the state and affirmed the trial court's actions on the basis of Henry v. State, 359 So.2d 864 (Fla. 1978). Henry, however, is inapplicable to the case at hand.
In Henry, the jury requested reinstruction on the difference between first-degree murder and second-degree murder. The trial court limited its reinstruction to that specific request. We held that the trial judge did not abuse his discretion by limiting reinstruction to an unambiguous response to the jury's request. While we did note in Henry that the jury's request made it apparent the jury had already determined the killing was unlawful, that statement was not the basis for the holding. 359 So.2d at 868. Rather, the holding was based upon the well-established principle that it is proper for a trial judge to limit reinstruction to the charges requested, as long as the repeated charges are complete on the subject involved. Id. at 868; Hedges, 172 So.2d at 826; Hysler v. State, 85 Fla. 153, 95 So. 573 (1923).
Here, the trial judge did not limit his reinstruction to the jury's specific request; rather, he added manslaughter to it. We do not question the trial judge's decision to add manslaughter to the reinstruction. However, after making that decision, the court gave an incomplete instruction. That error was not negated by the fact that the jury had only requested to hear the difference between second- and third-degree murder. Once the trial judge decided to include manslaughter in the reinstruction, he was obligated to give the full definition. Accordingly, we hold that the trial judge committed reversible error by failing to reinstruct on justifiable and excusable homicide when he reinstructed on manslaughter.
Petitioner raises two other issues on appeal, which, although not essential to the disposition of this case, do merit attention. First, petitioner contends that the trial court erred by sentencing him to forty years imprisonment, a substantial departure from the seventeen to twenty-two year range recommended by the sentencing guidelines of Florida Rule of Criminal Procedure 3.701. The district court vacated petitioner's sentence, holding that the departure was based on impermissible reasons. Stockton, 529 So.2d at 741. We agree with the district court's decision on this issue.
The last point raised by petitioner is that the trial court erred by arbitrarily and unreasonably imposing a thirty-minute time *1009 limit on his counsel's closing argument, thereby depriving him of his right to a fair trial.
Although it is within the discretion of the trial court to limit closing argument, the time limit set must be reasonable. What constitutes a reasonable time depends upon the facts and circumstances of each particular case. May v. State, 89 Fla. 78, 103 So. 115 (1925). The district court of appeal held that the thirty-minute time limit in this case was reasonable under the facts and circumstances. We disagree, and hold that the trial court abused its discretion, requiring reversal on this point.
Mr. Stockton was charged with and convicted of second-degree murder, a life felony. The trial lasted two full days, extending into the night. Fifteen witnesses testified at the trial. Their testimony conflicted as to who started the altercation, who participated, and who actually fired the fatal shot. Every state eyewitness to the altercation was confronted at trial with inconsistent deposition testimony. The evidence suggested that at least two others could have been responsible for the homicide. Two defense witnesses testified that one of the men had confessed to being responsible for the homicide.
Defense counsel's job in closing argument was certainly of paramount importance. It was his responsibility to flush out the inconsistencies in the testimony of the state's witnesses. This was also one of those rare cases where counsel had available alternative theories of defense. We believe that the thirty-minute limitation in this case was unreasonable.[2]See Hickey v. State, 484 So.2d 1271 (Fla. 5th DCA 1986) (thirty-minute time limit error in second-degree murder); Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984) (thirty-minute limit error in second-degree murder and robbery); Pittman v. State, 440 So.2d 657 (Fla. 1st DCA 1983) (thirty-minute limit error in resisting arrest).
Moreover, it appears that the thirty-minute time limit here was set primarily for the convenience of the jury, enabling them to finish with the case before the weekend. This time limitation demeaned the dignity of the proceedings, detracted from the seriousness of the charge being tried, and offended petitioner's right to a full, fair, and impartial trial. We remind our colleagues at the trial and appellate levels that, in a criminal case, considerable leeway must be given to defense counsel when arguing his or her case to the jury. A court should not unduly restrict defense counsel's argument even when the state's case is strong and the court believes the defense has very little to argue. Foster v. State, 464 So.2d 1214 (Fla. 3d DCA 1984). Defense counsel, although not entitled to filibuster, must be given sufficient time to fully and completely present his or her argument to the jury.
Accordingly, the decision of the district court is quashed, and the cause remanded for further proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and SHAW, J., concur.
BARKETT, J., concurs specially with an opinion, in which EHRLICH, C.J., concurs.
OVERTON and McDONALD, JJ., concur in result only.
GRIMES, J., concurs in part and dissents in part with an opinion, in which OVERTON and McDONALD, JJ., concur.
BARKETT, Justice, specially concurring.
I write to note that time limits per se are not offensive or impermissible. Under the *1010 facts of this case, however, I do believe the trial judge exceeded his discretion.
EHRLICH, C.J., concurs.
GRIMES, Justice, concurring in part, dissenting in part.
I agree that the case must be retried because of the erroneous jury instruction, but I am unwilling to say that the thirty-minute time limitation on closing argument was reversible error.
The testimony at the trial was concluded late Friday afternoon. At this point, the judge gave the jury the option of coming back Saturday morning or of working into the evening in the hope of finishing up that night. The jury's decision to continue with the trial no doubt prompted the judge to limit the time for closing argument. Moreover, it is evident that defense counsel's request for more time was not based entirely upon the complications of the case.
MR. LINK: I generally take about 45 minutes, but on this one I'm not very well prepared so I really don't know, Judge. I would request an hour.
Within reasonable bounds, the setting of time limits for closing argument rests in the discretion of the trial judge. May v. State, 89 Fla. 78, 103 So. 115 (1925). What constitutes a reasonable time depends upon the facts and circumstances of each case. Pittman v. State, 440 So.2d 657 (Fla. 1st DCA 1983). This two-day trial involved one charge against one defendant. There were no serious legal issues but only disputes in the testimony concerning who fired the fatal shot. Under the circumstances of this case, I cannot say as a matter of law that the trial judge abused his discretion in limiting closing arguments to thirty minutes for each side.
OVERTON and McDONALD, JJ., concur.
NOTES
[1] Section 782.07, Florida Statutes states: "Manslaughter is the killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder... ."
[2] The evidence reveals that defense counsel failed to discuss, during closing argument, the man who had confessed to two witnesses that he was responsible for the homicide. Defense counsel notes that this was not a strategic move. Rather, he forgot to mention him because of his rushed closing argument. We note that the trial court did interrupt defense counsel when his thirty minutes was up, but allowed him three minutes more because of time taken by the prosecutor's objections.