566 So.2d 36 (1990)
David WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0744.
District Court of Appeal of Florida, Fourth District.
August 22, 1990.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We reverse appellant's judgment and sentence on count I of information number 88-5940 with instructions.
The defendant was convicted of robbery with a firearm. The record reflects that the jury was instructed, at defendant's request, as to both robbery with a firearm and the lesser included offense of robbery. However, in the course of various changes made to the verdict form, the lesser included offense was omitted. The error was not discovered until after the jury had been discharged.
The state argues that robbery with a weapon, and not robbery, is the next immediate necessarily lesser included offense to robbery while carrying a firearm. See Thompson v. State, 487 So.2d 311 (Fla. *37 5th DCA), rev. denied, State v. Coleman, 494 So.2d 1153 (Fla. 1986). However, a review of this record makes it clear that there was agreement in the charge conference that the offense committed was either robbery with a firearm or robbery. The trial court did instruct the jury on the lesser included offense of robbery.
The record reflects that the verdict form was not read out loud, nor was it reviewed by counsel prior to submission to the jury. But counsel did see the verdict form during deliberations and did not discover the error at that time. Nevertheless, given the clear request by counsel for the instruction, and the circumstances that appear in the record with respect to several changes in the verdict forms, and in the absence of any objection by the state to the instructions agreed to by the court, it is clear that the omission was an oversight.
A verdict that is not in conformance with the jury instructions is clearly defective. Robertson v. State, 532 So.2d 90 (Fla. 4th DCA 1988); Moore v. State, 496 So.2d 255 (Fla. 5th DCA 1986).
Therefore, the judgment and sentence as to count I of information number 88-5940 is reversed with instructions to either afford the defendant a new trial or, with the concurrence of the state, to reduce the conviction to robbery.
The trial court also erred in sentencing the appellant for false imprisonment to a term in excess of the maximum provided by law. Therefore, upon remand, the term of imprisonment for false arrest shall be corrected and reduced to five years. We find no error or abuse of discretion with respect to the other issues raised.
REVERSED IN PART AND REMANDED FOR RESENTENCING OR NEW TRIAL.
WARNER and POLEN, JJ., concur.