BARFIELD, Judge.
The defendant, Daniel R. Butler, appeals from his conviction and sentence for burglary with a firearm and attempted first degree murder. The issue before the court is whether it was error for the trial court to instruct the jury on a modified form of Florida Standard Jury Instruction (Criminal) 3.04(d), pertaining to the justifiable use of force. We hold that it was error to so instruct, but such error under the circumstances of this case was harmless.
The evidence before the jury was conflicting as to whether the defendant, at the time of the offense, had a status of either invitee or trespasser. Wendy Jones, the sister of the defendant’s long-time girlfriend, Christie Johnson, testified that at approximately 3:30 a.m., she discovered defendant in her living room, without anyone’s permission for him to be there. Following a scuffle between the defendant and Wendy, the victim came into the room, unarmed. It was at that point, according to her, that the defendant shot Gene Jones. The victim’s testimony corroborates Wendy’s.
The defendant’s version of the incident, as may be expected, sharply conflicts with that of the State’s witnesses. Defendant had earlier that evening agreed to pick up both Christie and their fourteen-month-old daughter, Danielle. When he arrived at the house, Wendy opened the front door and invited him inside. Following an argument between the defendant and Wendy, Gene Jones, the victim, came into the room with a shotgun pointed at the defendant. The latter fired two shots at Jones, ostensibly, according to the defendant, to scare Jones so that he would put the shotgun down.
The above facts disclose issues as to whether the defendant or the victim was the aggressor, and whether the defendant was justified in the use of the force involved. The court, in its instructions to the jury, gave Florida Standard Jury Instruction (Criminal) 3.04(d), pertaining to the justifiable use of force. However, instead of deleting from the Standard Jury Instruction that portion relating to the defendant’s right to defend himself in his own home, the court departed from the instructions, and gave the following charge to the jury:
If a person is attacked in his own home or on his own premises, he has no duty to retreat and has a lawful right to stand his ground and meet force with force, even to the extent of using force likely to cause death of great bodily harm if it was necessary to prevent death or great bodily harm to himself or another,
(emphasis supplied)
The above instruction was irrelevant to any fact in issue. The Standard Jury Instruction, which the lower court modified, was applicable only to a defendant’s theory of self-defense. The jury, if it had accepted the victim’s testimony, could have found that the victim was not armed with any weapon at the time of the encounter, and, if it did so find, the above instruction would be irrelevant. If, on the other hand, it had accepted defendant’s testimony that the victim was armed and was advancing on him in a threatening manner, the instruction again was irrelevant to any fact in issue. The victim did not assert the defense of self-defense, and it was not he, but the defendant, who was on trial for the offenses charged.
A thorough review of the record and of the totality of instructions given satisfies us that, although the instruction *1336 was not proper, it was harmless error in this case.
AFFIRMED.
WENTWORTH, J., concurs.
ERVIN, J., concurs and dissents with written opinion.