493 So.2d 451 (1986)
Daniel R. BUTLER, Petitioner,
v.
STATE of Florida, Respondent.
No. 68,021.
Supreme Court of Florida.
September 4, 1986.
Michael E. Allen, Public Defender, and Michael J. Minerva, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
*452 Jim Smith, Atty. Gen., and Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for respondent.
ADKINS, Justice.
We have for review Butler v. State, 476 So.2d 1334 (Fla. 1st DCA 1985), which expressly and directly conflicts with prior decisions of other district courts of appeal and this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the district court's opinion.
Daniel Butler is the father of a baby girl named Danielle. The mother, Christie Johnson, had been Butler's girlfriend for several years. On December 9, 1983, Christie and Danielle were staying at the home of Christie's sister, Wendy Jones, and brother-in-law, William Jones.
The rest of the facts are widely disputed. However, it is clear that in the early morning hours of December 10, 1983, Butler was in the Jones' living room against their will. Apparently Butler was in the house to visit Christie and Danielle. After much commotion, William Jones was awakened and entered the living room. Butler fired two shots at Jones. Jones testified that he entered the living room unarmed. Wendy also testified that Jones was unarmed when he entered the living room. Butler testified that Jones came into the living room with a gun cocked and pointed at him. Christie also testified that Jones was armed when he entered the living room.
Butler's theory of defense was that his shooting of Jones was justifiable use of force in self-defense. The trial judge correctly instructed the jury on self-defense. The current dispute centers on the propriety of an additional jury instruction given by the trial court. The court instructed the jury on the justifiable use of force in one's own home. Florida Standard Jury Instruction (criminal) 3.04(d). However, since the shooting occurred in the victim's home as opposed to the defendant's home, the trial judge gave a modified form of the instruction by changing the word defendant to person. Thus, the jury was instructed:
If a person is attacked in his own home or on his own premises, he has no duty to retreat and has a lawful right to stand his ground and meet force with force, even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent death or great bodily harm to himself or another. (Emphasis supplied).
The jury found Butler guilty of burglary with a firearm and attempted first-degree murder. The First District Court of Appeal affirmed the convictions, concluding that the instruction was improper but was merely a harmless error. We agree with both the majority and dissent below that the disputed instruction was improperly given.
Jury instructions must relate to issues concerning evidence received at trial. Buford v. Wainwright, 428 So.2d 1389 (Fla.), cert. denied, 464 U.S. 956 (1983); Griffin v. State, 370 So.2d 860 (Fla. 1st DCA 1979); Palmer v. State, 323 So.2d 612 (Fla. 1st DCA 1975), cert. denied, 336 So.2d 108 (1976). Further, the court should not give instructions which are confusing, contradictory, or misleading. Finch v. State, 116 Fla. 437, 156 So. 489 (1934); Swindle v. State, 254 So.2d 811 (Fla. 2d DCA 1971). A jury instruction pertaining to justifiable use of force in one's home given in a case in which the crime occurred in the victim's home and the victim denied attempting to use force does not relate to the evidence received at trial and is extremely confusing and misleading.
The disputed jury instruction is unrelated to the evidence adduced at trial. If the jury believed that Jones was unarmed when he encountered the defendant, it would return a verdict of guilty because the defendant's assertion of self-defense would fail. This is precisely what the state was attempting to prove. In fact, none of the state's witnesses testified that Jones was armed. Hence, the challenged instruction improperly gave the state the benefit of a situation which was disavowed even by its own witnesses and was therefore never presented into evidence.
*453 The instruction on justifiable use of force in one's own home was misleading and contradictory. A homeowner is not entitled to use deadly force to protect his person or dwelling in all instances. A homeowner may use deadly force to protect himself or his dwelling only if there exists a reasonable belief that such force is necessary. Falco v. State, 407 So.2d 203, 207 (Fla. 1981). The reasonableness of the victim's carrying a gun under the circumstances of this case was never litigated because the victim denied carrying a gun or using force to combat force. Thus, the improper instruction would naturally lead a reasonable jury to conclude that the victim had an abstract right to be armed and use force against the defendant. The instruction improperly shifted the focus of the case from the applicability of the defense of self-defense to the right of the victim to fight force with force. As a result, the confusing and misleading instruction virtually negated the defendant's only defense, that of self-defense.
We disagree with the district court's holding that the improper instruction constituted harmless error. In State v. Diguilio, 491 So.2d 1129 (Fla. 1986), we directed that:
Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
At 1139. The extremely misleading and confusing jury instruction that did not pertain to any evidence presented at trial did not constitute harmless error because there exists a reasonable possibility that it contributed to the conviction. See also Florida Power and Light Co. v. McCollum, 140 So.2d 569 (Fla. 1962); Shannon v. State, 463 So.2d 589 (Fla. 4th DCA 1985); Veliz v. American Hospital, Inc., 414 So.2d 226 (Fla. 3d DCA), review denied, 424 So.2d 760 (1982).
Any assertion that the errant jury instruction was harmless beyond a reasonable doubt is clearly rebutted when the jury instruction is combined with comments made by the prosecutor during closing argument. The prosecutor repeatedly told the jury that even if the defendant's testimony was true, he should still be convicted because the victim had a right to be armed and consequently the defendant had no right to claim self-defense. The posture of this case is identical to that of Harvey v. State, 448 So.2d 578 (Fla. 5th DCA 1984), in which the court held that the trial judge's misleading instruction combined with the prosecutor's repeated misstatements of law resulted in jury confusion and reversible error.
Accordingly, we quash the decision of the district court and we remand with directions to further remand to the trial court for a new trial.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.