530 So.2d 404 (1988)
James GARDNER, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2350.
District Court of Appeal of Florida, Third District.
August 23, 1988.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., HUBBART, J., and JOE A. COWART, Jr., Associate Judge.
PER CURIAM.
The defendant was charged with armed robbery. At a duly noticed deposition of the victim (at which the State was not represented), the then Special Public Defender, Eugene Zenobi, "off the record" showed the victim a group of mounted photographs of persons, which did not include a photograph of the defendant. In response to questions and directives from Mr. Zenobi, the victim wrote something in Spanish on the back of three of the sheets on which photographs were mounted. Mr. Zenobi was later discharged as defense counsel and a substitute appointed.
At trial the defense called Mr. Zenobi as a witness, proffering his testimony to the effect that (1) by showing the witness the photographs he had sought to test the victim's ability to identify the defendant as the perpetrator, (2) that after he told the victim to indicate by writing on the back of the photographs if she recognized anyone, the victim wrote on the back of three sheets, none of which contained a photograph of the defendant and (3) that, accordingly, the victim had identified as the perpetrator of the robbery, persons other than the defendant. The victim testified that Mr. Zenobi confused her at her deposition. She testified that when she told him that she was unsure, he told her she had to write that on the pictures. The trial judge found that there was a deliberate attempt to confuse the victim; that the victim was deceived and confused; and that the photographic lineup was impermissibly suggestive and unreliable. For those reasons, the trial judge prohibited the defense from introducing into evidence both the photographs and Mr. Zenobi's testimony. The trial judge also prohibited cross-examination *405 of the witness with respect to the photographs or her notations thereon. The defendant appeals his conviction. We reverse.
Application of the exclusionary rule to enforce a defendant's constitutional due process rights has resulted in a rule of law which denies the admissibility, by the State against the accused, of evidence of a photographic lineup or other identification procedure conducted by the State which the court finds is so "unnecessarily suggestive and conducive to irreparable mistaken identification" as to be unreliable. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). See also State v. Ciongoli, 313 So.2d 41 (Fla. 4th DCA 1975), rev. denied, 337 So.2d 780 (Fla. 1976).
In this case, the assistant state attorney led the trial court to erroneously apply this principle of law to the defense. The State does not have constitutional due process rights to which the exclusionary rule applies. Furthermore, a defendant's constitutional right to confront his accusers includes the right to a full and fair cross-examination of an adverse witness in a criminal trial. See Steinhorst v. State, 412 So.2d 332 (Fla. 1982); Coco v. State, 62 So.2d 892 (Fla. 1953); Porter v. State, 386 So.2d 1209 (Fla. 3d DCA 1980). In addition, the right to present evidence on one's own behalf is a fundamental right basic to our adversary system of criminal justice, and is a part of the "due process of law" that is guaranteed to defendants in state criminal courts by the Fourteenth Amendment to the federal constitution. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); Boykins v. Wainwright, 737 F.2d 1539 (11th Cir.1984), rehearing denied, 744 F.2d 97 (11th Cir.1984), cert. denied, 470 U.S. 1059, 105 S.Ct. 1775, 84 L.Ed.2d 834 (1985).
The State argues that the combined testimony of the victim and Mr. Zenobi does not prove that the victim misidentified the defendant. This argument misses the point, which is, that Mr. Zenobi's testimony was relevant and admissible, and the defense had the right to cross-examine the victim about it and to have the jury weigh the proffered evidence and consider the cross-examination in the victim's testimony. If the facts show that Mr. Zenobi misled, confused, or deceived the victim, then the State has the duty to bring those facts to the attention of the jury and must trust the jury to properly weigh them. Mr. Zenobi was appointed by the court to act as defense counsel. Nevertheless, he appears to have become a competent witness as to relevant and material matter which the defendant is entitled to have presented to the jury.
By excluding Mr. Zenobi's testimony and limiting cross-examination of the victim, the trial court violated the defendant's due process rights to present evidence in his own behalf and to cross-examine his accuser. Because the identity of the perpetrator was the crucial issue in this case, we cannot hold as a matter of law that these errors were harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), rehearing denied, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967). Accordingly, we are forced to reverse the defendant's conviction and remand for a new trial.
REVERSED and REMANDED.