PER CURIAM.
Anthony Wilson appeals from a judgment of conviction for robbery. We affirm.
On Halloween night, 1987, Erwin Zager, a cab driver, picked up Anthony Wilson and another passenger; Wilson remained in the cab after the second passenger was dropped off. Zager then followed Wilson’s specific directions until Wilson reached his desired destination. When Zager pulled out his wallet to give Wilson change for his payment of the fare, Wilson demanded money. Zager drew a firearm he carried under his shirt and shot Wilson. Wilson drove off in Zager’s cab and was later arrested.
At trial, Wilson attempted to prove that he was the victim and not the aggressor. Careful review of the record, however, reveals that the blood technician’s testimony concerning the location of the blood stains in the cab was consistent with Zager’s testimony that, when Wilson robbed him, Za-ger shot him in self-defense only to have Wilson, bleeding heavily, drive off in Za-ger’s taxicab.
Wilson charges as error the trial court’s refusal, on the basis of relevance, to allow *177 any testimony regarding Zager’s lack of a permit to carry a concealed firearm and its refusal to instruct the jury that carrying a concealed firearm without a permit is unlawful.
We find no error. Questions of relevancy rest within the sound discretion of the trial court, and rulings on admissibility will not he disturbed unless an abuse of discretion appears. Jent v. State, 408 So.2d 1024, 1029 (Fla.1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982). The trial court properly determined that testimony regarding a concealed firearm permit was irrelevant. Because any such testimony was irrelevant, the trial court did not err when it refused to instruct the jury that carrying a concealed firearm without a permit was unlawful. Jury instructions must relate to issues concerning evidence received at trial. Butler v. State, 493 So.2d 451 (Fla.1986).
AFFIRMED.