PER CURIAM.
Dwon A. Kimble appeals his convictions and sentences for armed burglary, armed robbery, and attempted kidnapping without a weapon, as well as his adjudication as an habitual offender. We reverse.
Prior to trial, defendant moved to suppress the out-of-court and in-court identification testimony of the victim and her son. The trial court conducted an evidentiary hearing at which the victim, her son, and the lead detective testified. They gave three conflicting versions about the time, place, and manner in which the out-of-court photographic lineup was conducted. There was testimony indicating either that the son had observed the mother identify the defendant before making his own identification, or that there had been some consultation between the mother and the son about the identification, or both. The defense also contended that the photo lineup was unreasonably suggestive because the defendant was the only person wearing a shirt with a white logo on the front, and one or more of the witnesses had described the perpetrator as wearing a shirt with such a logo on the front or back. The defense argued that the foregoing facts rendered the out-of-court identifications unreliable. The defense also argued that the suggestive out-of-court identifications had so substantially influenced the mother and son that the in-court identifications would also be tainted and unreliable. Consequently, the defense requested that the trial court suppress (a) the out-of-court identifications and (b) the in-court identifications.
After hearing the evidence, the trial court decided to grant the motion in part and deny it in part. The court made a finding that the out-of-court identifications were unreliable and ordered them to be suppressed. The trial court reached a different conclusion, however, with respect to the in-court identifications. The court ruled that the in-court identifications were not rendered unreliable by the out-of-court identifications. Consequently, the court denied the motion to suppress the in-court identifications. See Lauramore v. State, 422 So.2d 896, 898 (Fla. 1st DCA 1982), review denied, 426 So.2d 27 (Fla.1983).
In the face of those rulings, the defense stated that it was withdrawing its motion to suppress in its entirety. The defense reasoned that a partial suppression was worse than no suppression at all. Under the trial court’s ruling, the victim and son would be allowed to identify the defendant in court. On cross-examination, however, the defense would not be able to test the reliability of the in-court identifications by cross-examining about the inter-witness consultation during the out-of-court identifications, as well as the other circumstances which had rendered the out-of-court identifications unreliable. The net effect of the court’s ruling was to strengthen the State’s case by withholding from the jury otherwise admissible evidence having a bearing on the reliability of the in-court identifications.
The State objected to the defense withdrawal of the motion to suppress. The trial court sustained the State’s objection. The court ruled that once the order of suppression was entered, the motion could not be withdrawn.
The trial was conducted in accordance with the pretrial ruling. The victim and her son rendered in-court identifications of defendant. The out-of-court identifications and photographic lineup evidence were excluded, even though during the victim’s testimony, she referred to having described the perpetrator to the police “by way of some photographs.” After the jury retired to deliberate, it sent out a note asking (although there had been no testimony regarding a lineup), “Was the Defendant identified in the lineup, by whom and *314 when?” The court replied that the jury should rely on its own recollection of the evidence presented. From his conviction, defendant appeals.
The conviction must be reversed under authority of Gardner v. State, 530 So.2d 404, 405 (Fla. 3d DCA 1988), which states:
Application of the exclusionary rule to enforce a defendant’s constitutional due process rights has resulted in a rule of law which denies the admissibility, by the State against the accused, of evidence of a photographic lineup or other identification procedure conducted by the State which the court finds is so ‘unnecessarily suggestive and conducive to irreparable mistaken identification’ as to be unreliable....
... The State does not have constitutional due process rights to which the exclusionary rule applies. Furthermore, a defendant’s constitutional right to confront his accusers includes the right to a full and fair cross-examination of an adverse witness in a criminal trial.... In addition, the right to present evidence on one’s own behalf is a fundamental right basic to our adversary system of criminal justice, and is part of the “due process of law” that is guaranteed to defendants in state criminal courts by the Fourteenth Amendment to the federal constitution.
Id. at 405 (citations omitted). There, as here, the excluded evidence “was relevant and admissible, and the defense had the right to cross-examine the victim about it and to have the jury weigh the proffered evidence and consider the cross-examination in the victim’s testimony.” Id. The State had no independent basis for exclusion of this evidence. The trial court erred by excluding the evidence after withdrawal of the defense motion.
We are unable to say that the error in this case was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The principal issue was identification. The victim and son were the persons who had the best opportunity to observe the perpetrator, and the excluded evidence was directly pertinent to the reliability of their identification of the defendant. There was a third witness, but that witness had only a momentary look at the perpetrator. The significance of the identification testimony is underlined by the fact that the jury sent out a question about it. Because the error was not harmless, there must be a new trial.
Since there must be further proceedings on remand, we note briefly that the second point on appeal also has merit. The prosecutor’s closing argument violated Bayshore v. State, 437 So.2d 198, 199-200(Fla. 3d DCA 1983). Although the defendant had not offered an alibi defense, the prosecution argued in closing that the defendant should have produced his father as an alibi witness. That argument was impermissible.
In view of the result we reach, the claim of sentencing error is moot.
Reversed and remanded for new trial.