650 So.2d 170 (1995)
Rosly DESOUZA, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2160.
District Court of Appeal of Florida, Fourth District.
February 8, 1995.
*171 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
Appellant's convictions and sentence are reversed. Appellant, along with a codefendant, was charged with attempted first degree murder in the stabbing of Silvio Ferreira and Zilma Silomao. The stabbings occurred in Ferreira's and Silomao's apartment during a dispute over repayment of a loan. The defense argued that the stabbings were conducted in self defense.
The court gave the following instruction, which is a modification of the standard jury instruction on duty to retreat:
If you find that the victim was attacked in his own home or on his own premises, he had no duty to retreat, and had the lawful right to stand his ground and meet force with force, even to the extent of using force likely to cause death or great bodily harm, if it was necessary to prevent death or great bodily harm to himself or another.
(emphasis supplied). Appellant objected to the instruction, arguing that since they were not on trial, an instruction regarding the victims' duty to retreat or their right to use force was inappropriate. Florida Standard Jury Instruction 3.04(d) begins: "If the defendant was attacked in his own home or on his own premises, he had no duty to retreat... ."
The court's substitution of the word "victim" for the word "defendant" was an incorrect statement of the law and may have confused the jury. See Butler v. State, 493 So.2d 451 (Fla. 1986).
In Butler, the defendant shot the victim in the victim's own living room. As in this case, the defendant claimed "self-defense." The trial court thereafter gave a modified version of the standard instruction, substituting the word "person" for the word "defendant." On appeal, the disputed instruction was held improper. Id. The Florida Supreme Court explained:
The instruction on justifiable use of force in one's own home was misleading and contradictory.... [Since] the improper instruction would naturally lead a reasonable jury to conclude that the victim had an abstract right to be armed and use force against the defendant, [t]he instruction improperly shifted the focus of the case from the applicability of the defense of self-defense to the right of the victim to fight force with force. As a result, the confusing and misleading instruction virtually negated the defendant's only defense, that of self-defense.
Id. at 453. See also, Lusk v. State, 531 So.2d 1377 (Fla. 2d DCA 1988). We can discern no reason to reach a contrary conclusion here.
Also, upon examining the record, and considering the final argument by the state and the disputed evidence as to what occurred, we cannot conclude that the instruction was harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). As to the other issues raised, we find no error in the court's denial of Appellant's motions to dismiss and sever. All other issues raised on appeal are moot. *172 Therefore, we reverse and remand for a new trial.
POLEN, J., and DONNER, AMY STEELE, Associate Judge, concur.