707 So.2d 1200 (1998)
Michael Smith WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4031.
District Court of Appeal of Florida, Fourth District.
April 15, 1998.
Louise A.D. Jones, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, Judge.
Following a jury trial for second degree murder with a firearm, defendant appeals from his conviction for manslaughter with a firearm and prison sentence of 9½ years. We affirm.
The defense was "self defense." The killing occurred within the curtilage at defendant's residence. There was substantial evidence that indeed the shooting was done in self defense. Defendant argues that the trial court should have granted a judgment of acquittal. Failing that, he contends that we should order a new trial because of confusing jury instructions.
With regard to the judgment of acquittal, the evidence is very close and a great deal of it objectively supports defendant's position. On the other hand, there are two areas that *1201 create jury questions as to guilt. The essential question in defendant's theory of self defense was whether he reasonably feared for his own safety or that of his roommate. His own statements to the police just after the incident, however, are enough to cast doubt on the requisite state of mind and thus to send the case to the jury.[1] Moreover, there was no gun powder residue on the victim, as there might have been if the shooting occurred as defendant describes it. Whether the rain was sufficient to obliterate or entirely erase any residue that might have been there is, it seems to us, a question for the jury.
As to the jury instructions, defendant argues that the instructions are internally inconsistent and thus intolerably unclear because they first state that defendant was obligated to retreat to avoid the use of force justifiably, on the one hand, and then that defendant need not retreat within his own home or curtilage to justify any use of deadly force to protect himself within that special location, on the other. Defendant relies on Butler v. State, 493 So.2d 451 (Fla. 1986), and Desouza v. State, 650 So.2d 170 (Fla. 4th DCA 1995). In both of those cases, however, the trial court changed "defendant" to "person" in the retreat instruction, thus altering its meaning. Moreover as the court held in Butler, the mere fact that defendant was on his home ground does not by itself mean that deadly force was as a matter of law justifiablethat, e.g., defendant could use a firearm against an unarmed man in that grossly inebriated condition.
We disagree that the instructions are thus unclear. While they do state the necessity to retreat as a general proposition, they make clear in the very next breath that retreat is not necessary on one's own home ground. None of the cases relied on by defendant holds that it is ambiguous to charge the general retreat instruction, as well as the right to defend in one's home without retreat, both in the same case. As the evidence was undisputed that the events all occurred on defendant's own home ground, the jury could not reasonably have been mislead into thinking that further retreat within or outside the home grounds was still necessary for justification.
AFFIRMED.
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] Defendant told the police that "the last time he lunged at me, I just popped him." He also said that he was tired of being hurt by bullies and, on his home turf, he was not going to be bullied by anyone.