727 So.2d 1063 (1999)
Joshua J. GREY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2502.
District Court of Appeal of Florida, Fourth District.
February 24, 1999.
*1064 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Joshua J. Grey, was indicted for the first degree murder and armed robbery of his mother, Margaret Bartlett. Following a jury trial, he was convicted of both counts and sentenced to two consecutive life terms in prison. On appeal, appellant argues that the trial court erred in denying his motion for judgment of acquittal in that the state failed to prove premeditation, or, in the alternative, felony murder. We disagree and affirm.
We have carefully and extensively examined the record and find that the evidence was more than sufficient to support a finding of premeditation in this case. Premeditation is "a fully formed conscious purpose to kill that may be formed in a moment and need only exist for such time as will allow the accused to be conscious of the nature of the act he is about to commit and the probable result of that act." Asay v. State, 580 So.2d 610, 612 (Fla.), cert. denied, 502 U.S. 895, 112 S.Ct. 265, 116 L.Ed.2d 218 (1991). "Whether a premeditated design to kill was formed prior to a killing is a question of fact for the jury that may be established by circumstantial evidence." Asay, 580 So.2d at 612; Demurjian v. State, 557 So.2d 642, 643 (Fla. 4th DCA 1990). Where there is sufficient competent evidence from which a jury could infer that the killing was premeditated, a trial court properly denies a motion *1065 for judgment of acquittal. See Demurjian, 557 So.2d at 643-644.
We find it unnecessary to report the grim and gruesome details of this matricide; the record overwhelmingly demonstrates that the state presented sufficient evidence of premeditation: appellant's previous arguments with his mother over his requests to use her car, including threats to her a few weeks before the murder; his use of her car immediately after her death; and medical evidence showing the difference in intensity of blows inflicted on the back and the front of the victim's head, combined with the numerous areas in the victim's apartment where blood was found, suggesting that there was an interval between the two sets of blows, during which appellant could have reflected and ended the attack. These facts also support the state's alternative theory of felony murder, as well as the trial court's denial of judgment of acquittal on the charge of armed robbery. See Jones v. State, 652 So.2d 346, 349 (Fla.1995).
Appellant raises additional issues on appeal that must also be affirmed. At trial, appellant objected to admission of a photograph, projected as a slide, depicting the victim's frontal head injuries but extending down far enough to show her naked breasts. He also sought to exclude pictures of a styrofoam mannequin head on which had been placed the victim's scalp and hair. We conclude that the trial court correctly overruled his objection that the potential prejudicial effect of these photographs outweighed their probative value. Admission of photographic evidence lies in the trial court's discretion and will not be disturbed absent a clear showing of abuse. See Pangburn v. State, 661 So.2d 1182, 1187 (Fla.1995). Admission of allegedly gruesome photographs is appropriate where they are independently relevant or corroborative of other evidence. See Czubak v. State, 570 So.2d 925, 928 (Fla. 1990). Photographs, such as those admitted in this case, which bear on the issues of the nature and extent of injuries, the nature and force of the violence used, premeditation or intent are relevant. See King. v. State, 545 So.2d 375, 378 (Fla. 4th DCA 1989).
Appellant challenges the denial of his motion for mistrial based on remarks of the prosecutor near the end of his closing argument. The specific comment objected to was "Go back there for Margaret Bartlett and the people of the State of Florida and do your job." The prosecutor's next remark was, "Render a verdict that is true." Appellant considers the prosecutor's comment to be of the "send a message" variety, which has been held to be inappropriate. See, e.g., Boatwright v. State, 452 So.2d 666 (Fla. 4th DCA 1984). We do not think the above quoted statement falls within this category of objectionable comments; however, exhortations to the jury to "do its job" may improperly exert pressure upon the jury and divert it from its responsibility to view the evidence independently and fairly. See United States v. Young, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). Further, the statement could be construed as an improper appeal to the jury for sympathy for the victim. See Edwards v. State, 428 So.2d 357 (Fla. 3d DCA 1983). However, when we view the prosecutor's comment in context with his subsequent remark to render a true verdict rather than reach a particular result, and consider his closing argument in its entirety, we find that it did not exceed permissible bounds or rise to the level of reversible error.
We also reject appellant's claim that the trial court erred in limiting his cross examination of the lead detective concerning his failure to investigate other leads, i.e, a report from South Carolina of a suicide victim found in his car with a bloody hammer in his possession. There was nothing from the facts and circumstances of that case to connect it in any way to the murder of Margaret Bartlett.
With respect to appellant's remaining issue on appeal, we find that post-conviction proceedings would be the appropriate mechanism for seeking relief. Appellant argues that he is entitled to a new trial because his attorney conceded his guilt during closing argument. Essentially, appellant is asserting a claim of ineffective assistance of counsel, which can be brought pursuant to Florida Rule of Criminal Procedure 3.850. See Geddis v. State, 715 So.2d 991 (Fla. 4th DCA *1066 1998); Mills v. State, 714 So.2d 1198 (Fla. 4th DCA 1998).
AFFIRMED.
POLEN, TAYLOR, JJ., and FRUSCIANTE, JOHN A., Associate Judge, concur.