BROWNING, J.
Appellant appeals his conviction for aggravated battery with a deadly weapon, following a bench trial. Appellant argues the trial court misapplied the law to the facts by finding Appellant could not use deadly force in self-defense because he failed to retreat. The State argues Appellant has not demonstrated entitlement to invoke the privilege of nonretreat. We disagree and reverse Appellant’s conviction and sentence because Weiand v. State, 732 So.2d 1044 (Fla.1999), decided after Appellant’s trial compels a reversal.
Appellant was a co-occupant of the victim’s residence. Subsequent to the trial court’s ruling, but before Appellant’s conviction became final, the Florida Supreme Court issued its Weiand opinion. Weiand holds “there is no duty to retreat from the residence before resorting to deadly force against a co-occupant or invitee if necessary to prevent death or great bodily harm.” Id. at 1058. Weiand also held “there is a limited duty to retreat within the residence to the extent reasonably possible,” and adopted the following interim jury instruction:
If the defendant was attacked in [his/ her] own home, or on [his/her] own premises, by a co-occupant [or any other persons lawfully on the premises] [he/ she] had a duty to retreat to the extent reasonably possible without increasing [his/her] own danger of death or great bodily harm. However, the defendant was not required to flee [his/her] home and had the lawful right to stand [his/ her] ground and meet force with force even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent death or great bodily harm to [himself/herself].
Id. at 1057-1058.
Because the trial court did not have the benefit of Weiand when it found Appellant had a duty to retreat, we REVERSE Ap *643 pellant’s conviction and sentence and REMAND for a new trial.
BOOTH and BENTON, JJ., CONCUR.