913 So.2d 696 (2005)
George McBRIDE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-0040.
District Court of Appeal of Florida, First District.
October 18, 2005.
*697 Nancy A. Daniels, Public Defender; and John R. Alfino, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
George McBride (Appellant) appeals his conviction for the October 16, 2003, sale or delivery of a controlled substance, crack cocaine. He contends that the trial court abused its discretion: 1) by denying Defendant's First Motion in Limine, which sought to exclude evidence that during a traffic stop conducted soon after the illicit drug transaction, Appellant gave law-enforcement authorities a false name after he was unable to produce any written identification; and 2) by granting State's Second Motion in Limine, which sought to exclude testimony or other evidence of "an alleged identification and misidentification" made by a confidential informant (for the purpose of identifying the perpetrator) during a photo line-up procedure that two investigators for the defense used on two different occasions at that State witness' residence, allegedly without timely notifying the State. We affirm without further discussion the ruling denying Defendant's First Motion in Limine. See Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984) (finding no error in trial court's allowing State, over an objection, to elicit arresting officer's testimony that 10 minutes after suspect fled scene of grand theft of merchandise from department store across the street, defendant gave a false name when apprehended). However, concluding that the trial court abused its discretion by granting State's Second Motion in Limine and thereby excluding evidence relating to the confidential informant's "alleged identification and misidentification" relating to the perpetrator, and that the State has not shown the error to be harmless, we reverse Appellant's judgment and sentence and remand for a new trial.
In pertinent part, State's Second Motion in Limine states:
[T]he Defendant only provided the State with the photographs used in these alleged identification procedures today, November 16, 2004. In addition, the State did not learn that any identification procedures had been conducted with the Confidential Informant by the Defendant's Investigators until today, November 16, 2004. Today it was revealed that one of these alleged identification procedures was actually conducted with the Confidential Informant back in August of 2004. This was approximately three months ago. However, the Defendant failed to disclose this fact to the State. The second attempted identification procedure conducted by the Defendan'ts [sic] Investigator was done last night, November 15, 2004. This was done after a jury has been selected in the Defendant's case and the case is set to be tried this Friday, November 19, 2004. The Defendant has never disclosed that any attempted identifications *698 had been conducted with the Confidential Informant throughout the entire pendency of this case and said identifications were merely discovered by a conversation with one of the Investigators for the Defendant. This is a clear violation of the Defendant's discovery obligations under Florida Rule of Criminal Procedure, 3.220(d)(1).
At the motion hearing, the State asserted that the defense's late disclosure of the evidence at issue violated the rules of discovery, constituted "newly created evidence," and compelled the exclusion of the evidence and any mention of the photo array by the defense at the trial. Defense counsel responded that the discovery violation was not done intentionally, and that the exclusion of this "obviously exculpatory and critical" testimony and other evidence would harm the defense. Defense counsel questioned how the State would be prejudiced by the inclusion of this testimony and other evidence, where the State had deposed the investigator, had viewed the photographs, and had talked to the confidential informant. Without further discussion or inquiry, the trial court granted the motion.
Florida Rule of Criminal Procedure 3.220(d)(1) states:
(d) Defendant's Obligation.
(1) If a defendant elects to participate in discovery, either through filing the appropriate notice or by participating in any discovery process, including the taking of a discovery deposition, the following disclosures shall be made:
(A) Within 15 days after receipt by the defendant of the Discovery Exhibit furnished by the prosecutor pursuant to subdivision (b)(1)(A) of this rule, the defendant shall furnish to the prosecutor a written list of the names and addresses of all witnesses whom the defendant expects to call as witnesses at the trial or hearing. When the prosecutor subpoenas a witness whose name has been furnished by the defendant, except for trial subpoenas, the rules applicable to the taking of depositions shall apply.
(B) Within 15 days after receipt of the prosecutor's Discovery Exhibit the defendant shall serve a written Discovery Exhibit which shall disclose to and permit the prosecutor to inspect, copy, test, and photograph the following information and material that is in the defendant's possession or control:
(i) the statement of any person listed in subdivision (d)(1)(A), other than that of the defendant;
(ii) reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons; and
(iii) any tangible papers or objects that the defendant intends to use in the hearing or trial.
The State argued that the defense had violated this discovery rule by the late disclosure of the photographic line-up procedures and the surrounding circumstances. "A trial court has wide discretion concerning the admissibility of evidence, and, in the absence of an abuse of discretion, a ruling regarding admissibility will not be disturbed." Jent v. State, 408 So.2d 1024, 1029 (Fla.1981). However, given this alleged violation of a rule of discovery, the trial court had a duty to make "an adequate inquiry into all of the surrounding circumstances" before exercising its discretion to determine whether the defense's alleged non-compliance with the rule of procedure resulted in harm or prejudice to the State. See Richardson v. State, 246 So.2d 771, 775 (Fla.1971). Such an inquiry should address, at a minimum, whether the discovery rule violation "was inadvertent or wilful," whether it "was trivial or substantial," *699 and especially, whether the violation harmed or prejudiced the other side. See id. (quoting Ramirez v. State, 241 So.2d 744, 747 (Fla. 4th DCA 1970)). Although the exclusion of evidence is an available sanction under Florida Rule of Criminal Procedure 3.220(n)(1), this sanction "should be imposed only if no other remedy suffices." See Miller v. State, 636 So.2d 144, 149 (Fla. 1st DCA 1994). Without conducting an inquiry that accords with the requirements of Richardson, the trial court lacked a proper basis for imposing the extreme sanction of excluding the evidence.
A criminal defendant has a due-process right "to present evidence in his own behalf and to cross-examine his accuser." See Gardner v. State, 530 So.2d 404, 405 (Fla. 3d DCA 1988). At the motion hearing, the trial court granted the State's motion and excluded testimony and other evidence relating to the confidential informant's identification or misidentification of the perpetrator from whom the confidential informant had bought cocaine during the drug transaction at issue. The charges against Appellant arose from a "controlled buy" in which the confidential informant (working with the police) arranged to buy crack cocaine from an acquaintance known to him only as "G," whom the informant identified at the trial as Appellant. The defense advanced a theory of mistaken identity, noting that the automobile involved in the drug transaction contained additional occupants besides Appellant and suggesting that the confidential informant had purchased the cocaine from someone other than Appellant. "A defendant should be afforded wide latitude in demonstrating bias or possible motive on the part of a witness." Henry v. State, 688 So.2d 963, 966 (Fla. 1st DCA 1997). Because the credibility and memory of the confidential informant and the identity of the perpetrator were critical issues in this case, we cannot conclude as a matter of law that the trial court's failure to conduct a Richardson inquiry before excluding the testimony and other evidence relating to the defense investigators' photo line-up procedure is harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986); Gardner, 530 So.2d at 405. Accordingly, we REVERSE the conviction and sentence and REMAND for a new trial.
BENTON and PADOVANO, JJ., concur.