922 So.2d 380 (2006)
Shana BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-5450.
District Court of Appeal of Florida, First District.
March 3, 2006.
*381 James T. Miller, Jacksonville, for Appellant.
Charles J. Crist, Jr., Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Shana Barnes appeals her conviction for the second-degree murder of her husband, Gregory Barnes. Appellant argues five issues on appeal: (1) the State failed to present sufficient evidence to support a conviction for second-degree murder; (2) the trial court erred by allowing portions of appellant's prior testimony to be taken into the jury room during deliberations; (3) the trial court gave confusing and contradictory instructions as to the law of the duty to retreat; (4) the trial court erroneously instructed the jury on provocation as a part of the overall instruction on the justifiable use of deadly force; and (5) the State denied appellant a fair trial by misstating the law of the duty to retreat in its closing argument. We address only the first three issues and affirm the conviction and sentence.
Appellant claims that the State failed to present evidence sufficient to support a conviction of second-degree murder and, as a result, the trial court erred when it denied appellant's motion for a judgment of acquittal on the charge. We review an order on a motion for a judgment of acquittal de novo to determine whether the evidence is legally adequate to support the charge. See Jones v. State, 790 So.2d 1194 (Fla. 1st DCA 2001). In so doing, we must view the evidence in a light most favorable to the State. Id. at 1197. A review of the record demonstrates that the State presented the jury with adequate evidence supporting its theory that appellant shot and killed her husband in a fit of anger over his behavior on the night in question. Despite appellant's claim that she acted in self-defense, the issue of whether a defendant acted in self-defense is a question of fact for the jury. See Rasley v. State, 878 So.2d 473, 476 (Fla. 1st DCA 2004) ("A motion for judgment of acquittal should not be granted unless the `evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.'" (quoting Lynch v. State, 293 So.2d 44, 45 (Fla. *382 1974))). As the State presented sufficient evidence that appellant did not act in self-defense, but rather killed her husband in a fit of anger, we must affirm the jury's decision. Rasley, 878 So.2d at 477.
Appellant next argues that the trial judge erred by allowing the jury to take an exhibit containing portions of Appellant's prior testimony into the jury room. Appellant argues that this constituted error because the jury might have placed greater emphasis on Appellant's prior testimony than it did on other witness testimony. See Young v. State, 645 So.2d 965 (Fla. 1994). We review the admission or exclusion of evidence for an abuse of discretion. See McBride v. State, 913 So.2d 696 (Fla. 1st DCA 2005). The trial judge properly admitted the statements in question as an exhibit of numerous admissions made by the Appellant. See Delacruz v. State, 734 So.2d 1116, 1122 (Fla. 1st DCA 1999) (finding that defendant's prior statements, whether exculpatory or not, were admissible against defendant as admissions under section 90.803(18), Florida Statutes (citing Charles W. Ehrhardt, Florida Evidence § 803.18, at 733-34 (1999 ed.))). The fact that the State published the exhibit to the jury does not turn the exhibit into "testimony." Accordingly, the trial judge acted within his discretion to allow the jury to take the exhibit into the jury room. See Fla. R.Crim. P. 3.400(a)(4) (permitting the judge to allow "all things received into evidence other than depositions" into the jury room).
We last address Appellant's argument that the trial judge confused or misled the jury on the duty to retreat in his overall instruction on the justifiable use of deadly force. Appellant claims that by giving the standard instruction on the general duty to retreat as well as the instruction on the co-occupant non-duty to retreat from one's home, the trial judge confused or misled the jury into thinking appellant had a duty to retreat from her home. A trial judge's decision to give or withhold a particular instruction is reviewed for an abuse of discretion. See Palmore v. State, 838 So.2d 1222, 1223 (Fla. 1st DCA 2003). Nevertheless, a trial court should not give instructions that are confusing, contradictory, or misleading. See Butler v. State, 493 So.2d 451, 452 (Fla.1986). The trial judge used the general instruction on duty to retreat to frame the issue at the outset. The trial judge then explicitly instructed the jury that Appellant was not required to retreat from her home:
However, the defendant was not required to flee her home and had the lawfully [sic] right to stand her ground and meet force with force even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent the imminent commission of aggravated assault or felony battery.
(emphasis added). The trial judge's instruction also made clear that the attached garage in which the killing occurred was part of the house. We find that the instruction was neither confusing nor misleading.
As we find no error on the part of the trial court, we AFFIRM.
KAHN, C.J., PADOVANO and THOMAS, JJ., concur.