939 So.2d 333 (2006)
RALPH LIOTTA, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 4D05-1847.
District Court of Appeal of Florida, Fourth District.
October 18, 2006.
Douglas Duncan of Roth & Duncan, P.A., West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
In a delicatessen that he co-owned, Ralph Liotta shot John Gurino four times with a handgun, causing Gurino's death. The state charged Liotta with manslaughter with a firearm. Liotta claimed self defense. Although there was evidence that Gurino was violent and dangerous, and that Liotta was in fear for his life, the jury convicted Liotta as charged.
Liotta first argues that the trial court erred in denying his motion for judgment of acquittal. "The question of self-defense is one of fact, and is one for the jury to decide where the facts are disputed." Dias v. State, 812 So. 2d 487, 491 (Fla. 4th DCA 2002). "The essential question in [Liotta's] theory of self defense was whether he reasonably feared for his own safety. . . ." Wilson v. State, 707 So. 2d 1200, 1201 (Fla. 4th DCA 1998). Liotta's statements to the 911 operator  that Gurino "kept threatening me and threatening me. And . . . I just couldn't take it any more"  combined with conflicts in the defense case and forensic testimony that two of the four shots hit Gurino in the back, were "enough to cast doubt on the requisite state of mind and thus to send the case to the jury." Id. at 1201.
Liotta next claims that the court committed fundamental error by reading the standard jury instruction on the use of deadly force. He complains that the court confusingly instructed the jury on both a duty to retreat and the absence of a duty to retreat. Liotta did not object to the instructions at trial. We rejected the identical argument in Wilson, 707 So. 2d at 1201, and Dias, 812 So. 2d at 492, and do not accept Liotta's invitation to recede from those cases. We note that the prosecutor did not exploit potential confusion in the instruction in her closing, but argued generally that Liotta had not acted reasonably under the circumstances of the case.
We find no error in the prosecutor's cross-examination of Peter Navratil, a defense witness. As the trial court ruled, the questions regarding Navratil's immigration status went to bias, because Liotta was Navratil's sponsor for an immigration visa and Navratil had lived with Liotta for about two months. The prosecutor properly explored the extent of the men's relationship; Navratil depended on Liotta for his employment, living quarters, and as an immigration sponsor. This case is therefore unlike O'Neil v. Gilbert, 625 So. 2d 982 (Fla. 3d DCA 1993), where questions about a witness's immigration status were improper, because no fact in the case linked the immigration issue to the witness's credibility. Id. at 983-84. Finally, we find that no fundamental error occurred in either the prosecutor's cross-examination of Liotta or closing argument.
Affirmed.
GUNTHER and FARMER, JJ., concur.
Not final until disposition of timely filed motion for rehearing.