972 So.2d 1105 (2008)
Marcos SEGURA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3642.
District Court of Appeal of Florida, Fourth District.
January 30, 2008.
Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Julie D. Lindahl, Assistant Attorney General, West Palm Beach, for appellee.
*1106 WARNER, J.
Marcos Segura was charged by information with second-degree murder for the fatal stabbing of his father, Marcos Segura, Sr. He claimed self-defense. The jury convicted him as charged and he appeals, raising several trial court errors. These include the admission of gruesome photographs, permitting an officer to testify regarding blood stain evidence, and fundamental error with respect to the jury instructions on self-defense. We affirm on all issues.
Segura argues that the trial court erred in admitting numerous, oversized, redundant, and gruesome photographs into evidence, as they were prejudicial and distracted the jury from a fair consideration of the evidence in reaching its verdict. He claims that this error was harmful. State v. DiGuilio, 491 So.2d 1129, 1137 (Fla. 1986); Walker v. State, 665 So.2d 1070 (Fla. 4th DCA 1995). The state counters that the photographs provided relevant evidentiary value tending to prove and disprove material facts, and that the photographs corroborated testimony.
"The admission of photographic evidence of a murder victim is within the sound discretion of the trial court, and absent abuse, the trial judge's ruling will not be disturbed on appeal." England v. State, 940 So.2d 389, 399 (Fla.2006). See also Zack v. State, 911 So.2d 1190, 1209 (Fla.2005) (a trial court's ruling on the admission of photographic evidence will not be disturbed on appeal unless there is a showing of clear abuse of discretion). Photographs are relevant when they establish the manner in which the murder was committed, show the position and location of the victim as found by police, or assist crime scene technicians in explaining the condition of the crime scene when police arrived. Douglas v. State, 878 So.2d 1246, 1255 (Fla.2004). Similarly, this court has stated that photographs are relevant where they "bear on the issues of the nature and extent of injuries, the nature and force of the violence used, premeditation or intent. . . ." Grey v. State, 727 So.2d 1063, 1065 (Fla. 4th DCA 1999).
Although we note that Segura did not object to most of the admitted photographs of which he now complains, we nevertheless conclude that, even if the issue had been properly preserved, the admission of the photographs was not an abuse of discretion. They were admitted to assist in explaining the position and location of the body and the reconstruction of the crime scene. They were also useful in the medical examiner's explanation of the wounds on the body.
In his second issue on appeal, Segura complains of the admission of the detective's expert testimony on blood stain evidence, claiming that the detective was not properly qualified to offer the testimony that he did. The trial court did not abuse its discretion in permitting the testimony. See Anderson v. State, 863 So.2d 169, 179-80 (Fla.2003). Nor do we agree with Segura's contention that the prosecutor's questioning was more prejudicial than probative.
Finally, Segura argues that the jury instruction on self-defense was misleading and confusing, because Segura was in his own home and the father was a co-occupant. The state maintains the trial court did not abuse its discretion in instructing the jury as to both a duty to retreat and an absence of that duty, where the jury was thoroughly explained its application in the context of co-occupants, and the state did not exploit the conflicting instruction. Weiand v. State, 732 So.2d 1044 (Fla. 1999).
We have previously rejected the argument that the reading of both instructions on the duty to retreat and the absence of a *1107 duty to retreat is confusing. See Liotta v. State, 939 So.2d 333, 334 (Fla. 4th DCA 2006); Dias v. State, 812 So.2d 487, 492 (Fla. 4th DCA 2002); Wilson v. State, 707 So.2d 1200, 1201 (Fla. 4th DCA 1998). Accord Barnes v. State, 922 So.2d 380 (Fla. 1st DCA 2006), quashed on other grounds, 970 So.2d 332 (Fla.2007); Wiggins v. State, 792 So.2d 642 (Fla. 1st DCA 2001). We likewise reject Segura's contention in this case.
The trial court did not abuse its discretion in any of the rulings raised on appeal. We therefore affirm Segura's conviction and sentence.
FARMER and GROSS, JJ., concur.