*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0427**

State of Minnesota,
Respondent,

vs.

Jack Leonard Williams,
Appellant.

**Filed March 21, 2016
Affirmed
Kalitowski, Judge\***

Isanti County District Court
File No. 30-CR-14-462

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, Minnesota; and

Jeffrey R. Edblad, Isanti County Attorney, Cambridge, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Charles F. Clippert, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Cleary, Chief Judge; Jesson, Judge; and Kalitowski, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KALITOWSKI**, Judge

Appellant Jack Leonard Williams challenges his conviction of second-degree assault, arguing that (1) the district court improperly granted the state's request to instruct the jury on self-defense, (2) the prosecutor committed misconduct by invoking God during closing argument, and (3) the court improperly limited appellant's cross-examination of the victim by prohibiting appellant from asking about the victim's status as a probationer. We affirm.

## DECISION

## I.

We review a district court's jury instructions for an abuse of discretion. *State v. Koppi*, 798 N.W.2d 358, 361 (Minn. 2011). A district court has "considerable latitude" in selecting the language for jury instructions. *State v. Gatson*, 801 N.W.2d 134, 147 (Minn. 2011) (quotation omitted). "Jury instructions, viewed in their entirety, must fairly and adequately explain the law of the case." *Koppi*, 798 N.W.2d at 362. "An instruction is in error if it materially misstates the law." *State v. Kuhnau*, 622 N.W.2d 552, 556 (Minn. 2001).

Appellant argues that the district court improperly granted the state's request to instruct the jury on self-defense to explain why the victim J.W. hit appellant with a shovel. Testimony at trial by J.W. indicated that after he was awakened by an argument between his grandmother and appellant he observed that appellant, still yelling and screaming, was walking to the camper where he stayed. After J.W. went to the camper to talk to appellant,

appellant pulled a switchblade knife out of his pocket, threatened to kill J.W., and began violently stabbing and slashing at him. J.W. was able to get away and started running back toward the house, but appellant chased him, waving the knife in the air and threatening to kill him. J.W. ducked into the garage, picked up a shovel, and hit appellant in the head with it.

Following a request by the state, the district court instructed the jury:

> It is lawful for a person, who is being assaulted when he has reasonable grounds to believe that bodily injury is about to be inflicted upon the person to defend from an attack.

> The kind of degree of force a person may lawfully [use] in self-defense is limited by what a reasonable person in the same situation would believe to be necessary.

Initially, we note that this instruction is consistent with Minnesota law, which permits reasonable force to "be used upon or toward the person of another without the other's consent when the following circumstances exist or the actor reasonably believes them to exist: . . . when used by any person in resisting . . . an offense against the person." Minn. Stat. § 609.06, subd. 1(3) (Supp. 2013). Appellant argues that the instruction was erroneous because it did not state that self-defense is only available to a person who was not the initial aggressor or that a person has a duty to retreat. *See State v. Basting*, 572 N.W.2d 281, 285 (Minn. 1997) (listing elements of self-defense). But here the jury was not asked to determine whether all the elements of self-defense were present. Rather the issue before the jury was whether appellant assaulted J.W.

Appellant also argues that the district court erred in giving the instruction because it told the jury that J.W. was a victim. But the instruction did not state that J.W. was being

assaulted, and it did not identify either appellant or J.W. as the person who could defend himself. Rather, the district court crafted an instruction to conform to the unique facts of this case that neither misstated the law nor identified J.W. as a victim to the jury.

Appellant contends that a jury should never be given an instruction that implicates self-defense when the instruction is requested by the state. Although Minnesota courts have not addressed this specific issue, courts in other jurisdictions, in cases not factually similar to this case, have reached different results. *See, e.g.*, *People v. Hayward*, 55 P.3d 803, 805-06 (Colo. App. 2002) (holding that instruction was proper in assault case that occurred in victim's residence); *Butler v. State*, 493 So.2d 451, 452 (Fla. 1986) (holding that instruction on victim's right to defend his dwelling was error when it was inconsistent with state's theory of the case).

But here we need not decide whether a district court should ever instruct a jury on self-defense at the request of the state because, even if the instruction was error, we conclude it was not prejudicial error. "A mistaken jury instruction does not require a new trial if the error was harmless. An erroneous jury instruction is harmless only if it can be said that, beyond a reasonable doubt, the error had no significant impact on the verdict rendered." *State v. Hall*, 722 N.W.2d 472, 477 (Minn. 2006) (citation omitted).

Appellant argues that the instruction, combined with the prosecutor's closing argument that J.W. was legally justified in hitting appellant with the shovel, affected the verdict. We disagree. The outcome of this case depended on whether the jury believed J.W.'s account of the assault by appellant. The strategy pursued by appellant throughout trial was to attack J.W.'s credibility by emphasizing the seriousness of the injuries

4

sustained by appellant when J.W. hit him with the shovel. The self-defense instruction did not impact this strategy and did not go to J.W.'s credibility. Therefore, even if the district court erred by instructing the jury concerning self-defense, we conclude beyond a reasonable doubt that the instruction did not significantly impact the jury's verdict.

## II.

Unobjected-to prosecutorial misconduct is reviewed using a modified plain-error test. *State v. Carridine*, 812 N.W.2d 130, 146 (Minn. 2012). Under the modified plain-error test there must be "(1) [an] error; (2) that is plain; and (3) the error must affect substantial rights." *State v. Ramey*, 721 N.W.2d 294, 298 (Minn. 2006) (quotation omitted).

Appellant argues that the prosecutor's reference to God in the statement that a person has "a God given right to protect [himself]" was misconduct. It is "inappropriate for a prosecutor to present arguments calculated to inflame a jury's passions or prejudices." *State v. Hoppe*, 641 N.W.2d 315, 319 (Minn. App. 2002), *review denied* (Minn. May 14, 2002). But here, the record indicates that the reference to God was a brief, isolated, casual remark. It was not calculated to inflame the jury's passions or prejudices, and it was not plain error.

## III.

Appellant argues that the district court improperly prohibited him from questioning J.W. about his status as a probationer. This court reviews a district court's evidentiary ruling for an abuse of discretion. *State v. Graham*, 764 N.W.2d 340, 351 (Minn. 2009). "In criminal cases, the defendant's right to cross-examine witnesses for bias is secured by

the Sixth Amendment." *State v. Brown*, 739 N.W.2d 716, 720 (Minn. 2007). But the district court has wide latitude consistent with the Confrontation Clause to impose reasonable limits on cross-examination based on concerns about prejudice, confusion of the issues, or interrogation that is repetitive or only marginally relevant. *Id.* A witness may be cross-examined about his probationary status to establish that the witness had an incentive to cooperate and curry favor with the state as a result of his status. *See Davis v. Alaska*, 415 U.S. 308, 319, 94 S. Ct. 1105, 1112 (1974).

When appellant assaulted J.W., J.W. was on probation for a stay of adjudication of a third-degree assault offense. Defense counsel sought to question J.W. "about his probationary status and conditions to reveal possible motive to lie." Here, the record indicates that J.W.'s grandfather testified that he lied to the 911 operator, stating that he did not know what had happened, because J.W. was on probation, and the grandfather wanted to protect him. And during closing argument, defense counsel repeatedly referred to J.W.'s probationary status and the fact that he had something to lose. Appellant does not identify what additional information about J.W.'s probationary status he sought to elicit on cross-examination of J.W. Based on the information that was provided to the jury about J.W.'s probationary status and appellant's failure to identify any additional information that he sought to elicit, we cannot conclude that the district court abused its discretion in limiting the cross-examination of J.W.

**Affirmed.**